UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VENCENTE B. HELM,                                                                                            Plaintiff,

v.                                                                             Civil Action No. 3:19-cv-P292-DJH

NURSE MOON *et al.*,                                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Vencente B. Helm leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Louisville Metro Department of Corrections (LMDC). He does not clearly indicate whether he is a convicted prisoner or a pretrial detainee. He brings this action against Wellpath, which is presumably the private entity contracted by LMDC to provide medical services to inmates; Nurse Moon of Wellpath; LMDC; LMDC Director Mark Bolton; and LMDC Officer Johnson. Plaintiff indicates that he is suing all Defendants in both their official and individual capacities.

Plaintiff alleges as follows:

> My constitutional rights, HIPPA rights, and malpractice came into play was violated when due to Nurse "Moon" not paying attention to her duties as a medical nurse when she was having a personal conversation with [Defendant] Johnson while she was ministering (giving) out medicine at med-call that may have been potentially harmful and dangerous, that were not the medicine ordered, prescribe for me and were in fact, "Someone else's medicine"! Nurse Moon failed to provide me safe, proper, and adequate medical care when she negligently administered me

the wrong medicine on pill call on 3-7-19, evening meds/bedtime meds. Due to the action of the medical nurse "Moon" not properly administering my medication because of her personal conversation with [Defendant] Johnson and distracted and not paying attention at time of pill call has caused me to become more paranoid and off my meds not about receiving medication that I need to help my with my current illnesses. Paranoia-etc.

When I addressed Nurse Moon mistake after she received it she furthered caused "Battery" Assault when she stated "I was complaining like a woman" which is defamation of my character and was abusive and hateful in nature . . . .

I know longer take my medication because I don't trust them. She violated HIPPA-malpractice etc . . . fundamental constitutional rights.

As relief for these alleged wrongs, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

2

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Individual-Capacity Claims

To the extent that Plaintiff alleges that his constitutional rights were violated, the Court construes this allegation as a claim brought under the Eighth Amendment. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000), rising above negligence or even gross negligence, and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47).

Plaintiff alleges that his constitutional rights were violated when Nurse Moon gave him the wrong medications on one occasion because she was distracted by a personal conservation with Defendant Johnson. The Court finds that, at most, this allegation shows negligence in the administration (or mis-administration) of his medicine. Once again, deliberate indifference is "a

4

state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. at 835 (citation omitted). Plaintiff does not allege that Nurse Moon intentionally dispensed the wrong medication to Plaintiff; that Defendant Johnson knowingly allowed Plaintiff to be given the wrong medication; or that the mistake resulted from anything other than lack of ordinary care or inadvertence. *See Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (internal quotation marks omitted). Thus, the Court will dismiss Plaintiff's individual-capacity claims against Nurse Moon and Defendant Johnson for failure to state a claim upon which relief may be granted.

The Court presumes that Plaintiff's individual-capacity claim against Defendant Bolton is based on his supervisory authority over one or both of the other individual Defendants. However, even if the Court concluded that the claims against Nurse Moon and Defendant Johnson could proceed, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers or supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's individual-capacity claim against Defendant Bolton must also be dismissed.

### 2. Claims against LMDC, Wellpath, and Official-Capacity Claims

With regard to Plaintiff's claim against LMDC, it is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See*

*Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Jefferson County that is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The same is true of Plaintiff's official-capacity claims against Defendants Bolton and Johnson. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claims against these Defendants are actually against their employer, which is Jefferson County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Similarly, Plaintiff's official-capacity claim against Nurse Moon is deemed a claim against her employer, which Plaintiff indicates is Defendant Wellpath. *See, e.g.*, *Smith v. Davis*, 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself); *Prather v. Corr. Care Solutions*, No. 3:16-CV-P60-JHM, 2016 U.S. Dist. LEXIS 65363, at *12 (W.D. Ky. May 18, 2016) (same). The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr.*

*Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In the instant case, the Court has found that any harm Plaintiff alleges he suffered was not caused by a constitutional violation. Thus, Plaintiff's claims against LMDC and Wellpath, and his official-capacity claims against Defendants Bolton, Johnson, and Nurse Moon, will be dismissed for failure to state a claim upon which relief may be granted.

**B. HIPAA Claim**

Plaintiff also contends that his rights were violated by Nurse Moon under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Title II of HIPAA, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07-3071, 2008 U.S. Dist. LEXIS 108700 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may enforce its provisions and impose penalties. *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (citing 42 U.S.C. § 1320d-5(a)(1); 1320d-6). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Thomas v. Univ. of Tenn. Health Sci. Ctr*, No. 17-5708, 2017 U.S. App. LEXIS 24714, at *4 (6th Cir. Dec. 6, 2017) (recognizing that although the Sixth Circuit has never explicitly held that that there is no private right of action under HIPAA, several other circuits have so held, and following those circuits' holdings) (citing *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011);

*Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *Webb v. Smart Document Sol.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (per curiam)). Thus, Plaintiff's HIPAA claim will be dismissed for failure to state a claim upon which relief may be granted.

### C. State-Law Claims

Because the Court is dismissing Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over his state-law claims of medical malpractice, defamation, and "battery/assault." Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 29, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4415.011